JOAQUÍN GALLART MENDÍA ET AL., demandantes y recurrentes, *v.* PUERTO RICO TELEPHONE COMPANY, demandada y recurrida.

*Número:* R-68-144     *Resuelto:* 5 de octubre de 1971

*Martín Almodóvar Acevedo* y *Justino Ferrer,* abogados de los recurrentes; *Pieras & Torruella,* abogados de la recurrida.

PER CURIAM: En este recurso el recurrente, demandante en el pleito original, impugna la cuantía de daños fijada por el tribunal sentenciador como resultado de las lesiones que sufrió en un accidente en que se vio envuelto mientras conducía una motocicleta en servicio como Policía Estatal, por considerarla inadecuada y que no guarda proporción con los daños sufridos, según surge de las propias conclusiones del tribunal. Señala, además, que dicho tribunal incurrió en error al concederle sólo $1,000.00 por concepto de honorarios de abogado.

A la fecha del accidente, el recurrente tenía cuarenta y nueve años de edad con veintiún años de servicio como Policía Estatal, diecinueve de los cuales los había servido como motociclista. Percibía un sueldo de $250.00 mensuales. El accidente ocurrió una noche al enredarse la rueda delantera de la motocicleta con un cable tensor de las líneas telefónicas de la recurrida que se encontraba tendido sobre la carretera entre Naguabo y Humacao, ocasionando que el conductor perdiera el control y fuera a estrellarse contra el pavimento. La siguiente determinación de hecho del tribunal a quo recoge, aunque sólo a grandes rasgos, la evidencia aportada sobre la naturaleza, extensión e incapacidad resultante de las graves lesiones que sufrió el recurrente con motivo del accidente:

"4. Como consecuencia del descrito accidente, el policía Mendoza perdió el conocimiento y tuvo que ser recluído primeramente en la Clínica Oriente de Humacao, sufriendo los siguientes daños físicos: fracturas de la vértebra dorsal núm. 12 y de las lumbares 3 y 4, con estrechamiento entre la segunda y la tercera vértebra lumbar. La superficie de estas vértebras se hundió, debido a penetración o socavación. El demandante mantenía cierta rigidez en la columna dorsal y lumbar. También persistió en el demandante un espasmo o dureza en los músculos, y la lordosis lumbar, varios meses después del accidente, mostraba

cierto aplastamiento de las vértebras que producía una cifosis. De la Clínica Oriente el demandante fue trasladado al Hospital del Fondo del Seguro del Estado, donde permaneció aproximadamente mes y medio. Luego, en forma ambulatoria, fue sometido a diversos tratamientos de fisioterapia. Apreciando en conjunto todo el testimonio médico ofrecido por ambas partes el Tribunal concluye que el policía Mendoza sufrió una incapacidad de un 40% a un 50% de las funciones generales del cuerpo."

El tribunal sentenciador fijó en $15,000.00 la indemnización por los daños físicos, angustias mentales, incluyendo la incapacidad sufrida por el recurrente. De esa suma le dedujo $6,412.75 que representa los desembolsos del Administrador del Fondo del Seguro del Estado, quien los reclamó en esta acción en subrogación, en la hospitalización, tratamiento, dietas, compensación y otros gastos incurridos para beneficio del recurrente por ser éste un obrero asegurado con el Fondo del Seguro del Estado.

En *Ramos Rivera* v. *E.L.A.*, 90 D.P.R. 828, 831 (1964), dijimos que ". . . [l]a indicación más segura para aumentar la compensación es la perdurabilidad del daño sufrido . . . ." El tribunal sentenciador consideró la incapacidad del recurrente como factor, entre otros, para fijar la cuantía. Considerando las circunstancias de este caso se justifica, a nuestro juicio, un aumento en la indemnización. El demandante fue retirado del servicio por incapacidad física; depende ahora de una modesta pensión que le pasa el Gobierno mensualmente y del pequeño ingreso que pueda producir como porteador público, con las limitaciones de su incapacidad física, en la ruta de Humacao a Fajardo; y existe la probabilidad de que aumente su incapacidad funcional resultante de las lesiones sufridas.

Tomando en consideración estos factores, los $15,000.00 fijados por el tribunal como indemnización no compensan justa y razonablemente las graves lesiones recibidas y la seria incapacidad funcional que sufre el recurrente. *Se aumentará la indemnización a $25,000.00, la condena de hono-*

*rarios de abogado a $2,000.00 y así modificada se confirmará la sentencia recurrida.*

El Juez Presidente, Señor Negrón Fernández, y el Juez Asociado Señor Martín no intervinieron.